[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10484

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDREW SHETTLER,
a.k.a. Yeti,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00183-RBD-DCI-3

_____

Before LUCK, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Andrew Shettler, a federal prisoner at Estill FCI, appeals the district court's denial of his third *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We discern no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

Defendant was indicted in August 2018 on one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). At the same time, Defendant was indicted in a separate case of conspiracy to possess 50 grams or more of methamphetamine with different co-conspirators. He pleaded guilty in both cases, and he was sentenced in May 2019 to the minimum mandatory penalty of 120 months in prison for each charge, to be served concurrently and to be followed by five years of supervised release.

Based on information provided in his PSR, Defendant committed the above offenses while he was a member of the Thunderguards Motorcycle Club, which is a support club to the outlaw motorcycle gang known as the Pagans Motorcycle Club. The PSR describes the Pagans as an "extremely territorial" and highly organized criminal organization that operates in multiple states. According to the PSR, the Pagans use drug trafficking proceeds to

finance, facilitate, and maintain their own operations and the operations of their affiliate groups, including the Thunderguards.

Defendant's involvement with the Thunderguards was discovered during an FBI and DEA investigation that commenced after a member of the Pagans stabbed and killed a rival gang member in 2017. During the investigation, law enforcement officials identified Defendant as a member of the Thunderguards who was involved in distributing methamphetamine to Pagans members. The investigation uncovered evidence of Defendant's specific involvement in transactions between October 2017 and August 2018, during which Defendant had possessed and/or distributed at least 115 grams of methamphetamine. Those transactions led to the Defendant's 2018 convictions.

Defendant's PSR determined that his guidelines range was 70 to 87 months in prison, but that he was subject to a ten-year mandatory minimum sentence. Consistent with the applicable mandatory minimum sentence, the PSR recommended that Defendant be sentenced to 120 months in prison. The court imposed the 120-month mandatory minimum sentence recommended in the PSR and required by the law.

About a year after he was sentenced, Defendant filed his first *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if the defendant's release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the

applicable Guidelines policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] In support of his motion, Defendant argued that his hypertension, obesity, traumatic brain injury, and sleep apnea warranted release because those conditions posed a serious risk of illness if he were to contract COVID-19. Defendant set forth in his motion a plan to complete his sentence at home with his family.

The district court construed Defendant's first motion as a request for both compassionate release under § 3582(c) and home confinement under the CARES Act. As to home confinement, the court determined that only the Bureau of Prisons ("BOP") has the authority to transfer a prisoner to home confinement and accordingly denied Defendant's request. Regarding compassionate release, the court found that Defendant failed to present evidence showing that he had exhausted his administrative remedies. In addition, the court held that Defendant was not entitled to compassionate release under § 3582(c) because his claimed medical conditions did not satisfy the "extraordinary and compelling" standard. Specifically, the court concluded that Defendant's "fear of potential exposure to COVID-19, even coupled with his medical conditions" did not constitute "extraordinary and compelling" circumstances warranting early release. The court noted further that Defendant had failed to show his medical conditions were not being properly

---

[1] A sentence reduction is also permitted by § 3582(c) under certain circumstances if the defendant is 70 years old or older and has served at least 30 years in prison, but those conditions are not met in this case. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

treated during his incarceration, or that the BOP's management of the COVID-19 pandemic—either generally or at Estill FCI—was inadequate.

As an alternative ground for denying Defendant's motion for compassionate release, the district court stated in its order that the § 3553(a) sentencing factors weighed against Defendant's early release because Defendant had only served a "small portion of his lengthy sentence." To that end, the court held that Defendant's early release was not justified "given the nature and circumstances of his offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, [and] affords adequate deterrence." The court explained further that Defendant's release was not warranted because, as a former member of the Thunderguards who was incarcerated for his role in a gang-related drug conspiracy, he posed a danger to the community.

Defendant subsequently filed a second *pro se* motion for compassionate release, this time attaching an exhibit to show that he had exhausted his administrative remedies. In support of his second motion, Defendant again argued that his medical conditions—hypertension, obesity, traumatic brain injury, and sleep apnea—qualified as extraordinary and compelling reasons for his early release given the rising number of COVID-19 cases, and he added that his "light" and "nonviolent" criminal history, and his continuing nonviolence while incarcerated, also weighed in favor of release. The district court denied Defendant's second motion,

noting that the additional exhibits and information provided in Defendant's second motion did not "change[] the calculus" as to Defendant's early release.  Referring back to its first order, the court briefly restated in its second order the same rationale for denying second Defendant's motion:  (1) Defendant failed to show that he met the requirements for compassionate release, and (2) even if he had satisfied the extraordinary and compelling standard, the § 3553(a) sentencing factors weighed against early release because Defendant "has only served a small portion of his lengthy sentence and [he] was a former member of a dangerous motorcycle gang."

Defendant filed a notice of appeal of the district court's orders denying his first and second motions for compassionate release, but he subsequently voluntarily dismissed his appeal.  Thereafter, Defendant filed his third *pro se* motion for compassionate release, the denial of which is the subject of this appeal.  In his third motion, Defendant raised substantially the same arguments he asserted in his first and second motions for compassionate release.  The only thing that changed in the time between Defendant's first two motions and his third motion is that he received a COVID-19 vaccine.  The district court denied Defendant's third motion, citing its prior two denials and stating again that Defendant "does not meet the requirements for compassionate release because he poses a danger to the community and the sentencing factors weigh heavily against relief."

Defendant now appeals the district court's denial of his third motion for compassionate release.  In support of his appeal,

Defendant argues that the district court abused its discretion by denying his motion for compassionate release. As discussed below, we discern no error in the district court's order denying Defendant's third motion for compassionate release, and thus affirm.

## DISCUSSION

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's § 3582(c) motion under the abuse of discretion standard. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c) authorizes the district court to reduce a defendant's sentence if the court finds that: (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement, found in USSG § 1B1.13, echoes the

statutory requirements, stating that a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that:  (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]he [d]efendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)(1)(A)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three necessary conditions for a sentence reduction under § 3582(c):  support in the § 35553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The district court denied Defendant's § 3582(c) motion for two reasons.  First, the court found that Defendant had failed to show extraordinary and compelling reasons for his release.  Alternatively, the court determined that the § 3553(a) sentencing factors militated against Defendant's release and that Defendant would pose a danger to the community if released.  Either ground is adequate to support the district court's decision to deny Defendant's § 3582(c) motion.

As to the first ground, we agree with the district court that Defendant did not provide adequate support for the claim that his medical conditions satisfy the extraordinary and compelling reason

standard and thus justify his release from prison. The relevant policy statement provides that a defendant's medical condition is an extraordinary and compelling reason for a sentence reduction if the defendant: (1) has a terminal illness such as cancer, ALS, or end-stage organ disease, or (2) suffers from a serious physical or mental condition that "substantially diminishes" his ability "to provide self-care" in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant states that he has hypertension, obesity, sleep apnea, and a traumatic brain injury. But he makes no attempt to show that any of these conditions are terminal or that they substantially diminish his ability to provide self-care in prison. The district court thus correctly determined that Defendant did not meet the standard for early release set out in the applicable policy statement of U.S.S.G. § 1B1.13. *See Bryant*, 996 F.3d at 1248.[2]

The Government notes in its appellate brief that the Department of Justice ("DOJ") has recently taken the position that, during the COVID-19 pandemic, a prisoner who has not been offered a vaccine and who presents confirmed medical records showing that he has one of the medical risk factors on the CDC's list of conditions that increase the risk of serious illness from COVID-19

---

[2] Defendant argues on appeal that the district court erred by relying on U.S.S.G. § 1B1.13's policy statement in applying the "extraordinary and compelling" reason standard, but that argument is foreclosed by this Court's binding precedent in *Bryant* holding that § 1B1.13 applies to all § 3582(c)(1)(A) motions. *See Bryant*, 996 F.3d at 1248.

satisfies the extraordinary and compelling reason standard. But even assuming Defendant's claimed conditions appear on the CDC's list of such conditions, Defendant does not fall within the DOJ's recently revised COVID-specific guidance as to establishing an extraordinary and compelling reason for early release because he is fully vaccinated against COVID-19. Defendant received his first dose of the vaccine on January 13, 2021, prior to filing his third motion for compassionate release, and he received his second dose and was fully vaccinated shortly thereafter.[3]

Defendant's failure to demonstrate an extraordinary and compelling reason for his early release is enough, in and of itself, to foreclose a sentence reduction under § 3582(c). *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors. Specifically, the court noted that Defendant had served only a small portion of his sentence when he requested compassionate release, and that he was affiliated with a dangerous motorcycle gang prior to his conviction. According to the court, these facts indicated that Defendant would be a danger to the community if he was released, and that his release was inconsistent

---

[3] Defendant filed his third motion on January 26, 2021. He received his second dose of the COVID-19 vaccine on February 2, 2021.

with the § 3553(a) sentencing factors.  Defendant argued in his third motion that he was not a danger to the community because his criminal record was "not serious" and he had not been involved in any violent incidents while incarcerated.  However, the district court was within its discretion to reject Defendant's argument on this point. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history").

Defendant argues on appeal that the district court's order denying his third motion failed to adequately explain its ruling.  A district court must provide an adequate explanation for its sentencing decisions, including decisions on whether to grant relief from a sentence, so that there can be meaningful appellate review.  *See United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021).  However, the court is not required "to articulate its findings and reasoning with great detail." *Id.* at 1185 (quotation marks and citation omitted). *See also Giron*, 15 F.4th at 1350 (noting that the reasoning for the district court's finding of no extraordinary and compelling reason for early release was "apparent in the record").  Here, the district court adequately explained its decision to deny Defendant's third motion for compassionate release, both in its order denying Defendant's third motion and in its two prior orders.  When considered together, the court's three orders easily allow for meaningful review of its rationale for denying Defendant's third motion:  (1) Defendant's fear of exposure to COVID-19, even when

combined with his medical conditions, was not an extraordinary and compelling reason for relief, (2) the § 3553(a) factors did not weigh in favor of Defendant's release because he had served only a small portion of his lengthy sentence when he filed his motion, and (3) Defendant, who had been convicted of a gang-related drug conspiracy, would pose a danger to the community if released at this point in time.

## CONCLUSION

As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The district court correctly held that Defendant failed to meet that burden here. Furthermore, the court acted within its discretion in holding, in the alternative, that the § 3553(a) sentencing factors do not support Defendant's release. For both reasons, the district court's order denying Defendant's § 3582(c) motion is **AFFIRMED.**